[No. B063236. Second Dist., Div. Five. Feb. 4, 1992.]

CRAIG LADON HOLLOWELL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Nina Law, Elizabeth Warner-Sterkenburg and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BOREN, J.**—Petitioner seeks a writ of mandate directing the respondent court to grant his motion to set aside the information (Pen. Code, § 995), on the ground that improper hearsay testimony was admitted at his preliminary hearing.

### FACTS

In June, 1990, the voters enacted the "Crime Victims Justice Reform Act," designated on the ballot as Proposition 115. One of the provisions of

Proposition 115, codified as Penal Code section 872, subdivision (b), authorizes the admission of hearsay evidence at preliminary hearings in criminal cases, provided certain foundational requirements are met. Specifically, section 872, subdivision (b) provides that the magistrate's "finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted. Any law enforcement officer testifying as to hearsay statements shall either have five years of law enforcement experience or have completed a training course certified by the Commission on Peace Officer Standards and Training which includes training in the investigation and reporting of cases and testifying at preliminary hearings."

Petitioner is charged with robbery. At petitioner's preliminary hearing, Officer Dougherty of the Long Beach Police Department testified that during the early morning hours of September 13, 1991, he responded to a robbery call. The victim, Jorge Sastillo, told Officer Dougherty that the suspect's van pulled up alongside his van, then the suspect got out, approached him and demanded the victim's money, wallet and the keys to the van. Mr. Sastillo, who thought the robber was going to pull a gun, complied and gave the robber $55, whereupon the robber got back in his van and left the scene. Since Mr. Sastillo did not speak English and Officer Dougherty did not speak Spanish, the above events were related to Officer Dougherty by Javier Alonzo, Mr. Sastillo's bilingual companion.

Officer Dougherty transported Mr. Sastillo and Mr. Alonzo to another location where petitioner and his associates were being detained by police. Mr. Sastillo positively identified petitioner as the robber. Officer Dougherty also learned from another officer, Alvarez, that petitioner had $55 in his possession, in the same denominations as taken from Mr. Sastillo.

Officer Dougherty testified to this sequence of events at petitioner's preliminary hearing. Prior to the beginning of Officer Dougherty's substantive testimony, the district attorney asked him the following:

"Q. Prior to testifying in court today, have you completed a class through the Long Beach Police Department on Proposition 115?

"A. Yes, I have.

"Q. Did you complete the class?

"A. Yes.

"Q. Did you pass an exam in order to complete the class?

"A. Yes."

Defense counsel raised an objection based on the constitutionality of Proposition 115, and the use of double hearsay (since Officer Dougherty was going to testify to statements made by Mr. Alonzo). Defense counsel also asked the court to "make some kind of ruling concerning reliability of the hearsay." The court overruled the objection but noted there would be a continuing defense objection.

On cross-examination, defense counsel elicited the following from Officer Dougherty:

"Q. How long have you been a police officer?

"A. Just over two years.

"Q. What did you learn in your class on Proposition 115?

"A. Everything that has to do with Prop. 115 as far as who can testify to hearsay evidence.

"Q. Who taught the class?

"A. I don't know the gentleman's name.

"Q. How long a class was it?

"A. It was all day, eight hours, but there were other things that were taught in that eight hours. I believe it was going to be approximately two hours all together?

"Q. Was it a lecture for two hours?

"A. Some of it was, yes.

"Q. What else occurred?

"A. Video.

"Q. What was the subject of the video?

"A. Exactly what I just said as far as who can testify and to what.

"Q.   What's your understanding of who can testify?

"A.   Law enforcement officers.

"Q.   Just any law enforcement officer?

"A.   You have to have five years on or have to go through the Prop. 115 training."

At the conclusion of Officer Dougherty's testimony, the deputy district attorney, noting the defense objection, asked the court for "a ruling on whether or not this officer's testimony is going to be admissible." The court replied, "Yes, it will be admissible." The court then held petitioner to answer.

## DISCUSSION

Penal Code section 872, subdivision (b), provides that a finding of probable cause may be based on the sworn testimony of a law enforcement officer only if that officer has five years of law enforcement experience or has completed a training course certified by the Commission on Peace Officer Standards and Training (POST). (See Pen. Code, § 13500 et seq.; Cal. Code Regs., tit. 11, § 1000 et seq.) Such a POST-certified course must include "training in the investigation and reporting of cases and testifying at preliminary hearings." (Pen. Code, § 872, subd. (b).) POST certification insures, among other things, that the course is taught by qualified instructors and meets certain curriculum requirements. (Cal. Code Regs., tit. 11, § 1052).

■   Since Officer Dougherty had only two years' experience as a law enforcement officer, it was incumbent upon the district attorney to establish for the record that he had completed a POST-approved training course. The only details about the class elicited from Officer Dougherty by the district attorney were that it was "a class through the Long Beach Police Department on Proposition 115," that he completed the class, and that he passed an exam. While the inference might be made that the training concerned "the investigation and reporting of cases and testifying at a preliminary hearing," this testimony does not establish that the course had been certified by POST. Therefore, the People did not establish a crucial foundational requirement for admission of Officer Dougherty's hearsay testimony. Without that hearsay testimony, there was insufficient evidence to hold petitioner to answer.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of December 2, 1991, denying petitioner's motion pursuant

to Penal Code section 995, and enter a new and different order granting the motion.

Turner, P. J., and Ashby, J., concurred.